ACCEPTED
01-14-01018-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/3/2015 11:02:58 AM
CHRISTOPHER PRINE
CLERK

## NO. 01-14-01018-CV

**IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
HOUSTON, TEXAS**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/3/2015 11:02:58 AM
CHRISTOPHER A. PRINE
Clerk

**RICKY D. PARKER AND JAMES MYERS**

*Appellants*

**v.**

**SCHLUMBERGER TECHNOLOGY CORPORATION**

*Appellee*

Interlocutory Appeal
from the 268th Judicial District Court of Fort Bend County, Texas
Cause No. 14-DCV-218252

## UNOPPOSED PARTIAL MOTION TO DISMISS INTERLOCUTORY APPEAL OF APPELLANT JAMES MYERS ONLY

Levon G. Hovnatanian
State Bar No. 10059825
*hovnatanian@mdjwlaw.com*
Robert T. Owen
State Bar No. 24060370
*owen@mdjwlaw.com*
MARTIN, DISIERE, JEFFERSON &
WISDOM, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002
(713) 632-1700 – Telephone
(713) 222-0101 – Facsimile

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW, appellant James Myers, and respectfully files this, his Partial Motion to Dismiss Interlocutory Appeal.

<u>**Procedural Facts**</u>

This case involves a contract dispute between Parker and Schlumberger Technology Corporation. On September 9, 2011, Parker Energy Services Company entered into an "Asset Purchase Agreement" ("APA") with Production Wireline and Cased Hole Services Group, LLC, to sell the assets of Parker Energy, an oilfield company offering wireline, slick-line, and braided line services, to Production Wireline. *See* 5 R.R. Defs.' Ex. 1. Schlumberger Technology Corporation is the successor-in-interest, by merger, of Production Wireline. *See* 3 R.R. 81. Appellants Ricky D. Parker and James Myers were employees of Parker Energy, and Parker, in his individual capacity, is a party to the APA. *See* 5 R.R. Defs.' Ex. 1 at 38, 48.

In addition to requiring Parker Energy to transfer its assets to Production Wireline, the APA required that certain employees of Parker Energy, including Parker and Myers, agree to Production Wireline's "standard employment forms," which included an "Intellectual Property, Confidential Information, and Non-Compete" Agreement ("ICN Agreement"). 5 R.R. Defs.' Ex. 1 at 38 ¶ 9.1(j); 4 R.R. 12-13. The APA also required that Myers agree to a "Retention Bonus

1

Contract," a form which was attached as an exhibit to the APA. 5 R.R. Defs.' Ex. 1 at 38 ¶ 9.1(j), (n). Parker and Myers signed the required forms, and each worked for Schlumberger for a number of years thereafter. *See* 5 R.R. Pl.'s Ex. 1-3; 2 R.R. 15-16, 33-34.

Those forms required, amongst other things, that Parker and Myers refrain from participating in the wireline industry for a period of time after leaving their employment at Schlumberger. 5 R.R. Pl.'s Ex. 1-2 at ¶ 5; 5 R.R. Pl.'s Ex. 3 at ¶ 5. In the trial court, Schlumberger complained that, after leaving its employ in October 2013, Parker purchased trucks and other equipment which could be used to perform wireline, slick-line, and braided line work. C.R. 11-12. It also complained that, on September 17, 2014, eleven and a half months after Parker resigned from Schlumberger, and one day after Myers resigned, Parker hired Myers and other Schlumberger workers to work for Professional Wireline Services, LLC ("PWL"), a company that would compete with Schlumberger for wireline, slick-line, and braided line work. C.R. 12. PWL performed its first job on September 29, 2014, nearly one year after Parker resigned from Schlumberger. 3 R.R. 69.

Parker and Myers moved the district court to compel arbitration as required by the APA. C.R. 160-68. The district court denied the motion on December 10,

2014. C.R. 284. On December 18, 2014, the district court granted Schlumberger a temporary injunction providing, in part:

> 6.  Enjoined Parties shall not directly or indirectly work for, or assist (whether as an owner, employee, consultant, contractor or otherwise) any business or commercial operations of wireline, slick line and braided line operations in the counties set forth in Plaintiff's Exhibit 74 . . .
>
> 7.  Enjoined Parties shall not solicit, contact, or accept wireline, slick line or braided line work and/or service, from the Established Customers of Schlumberger in the states of Oklahoma, Texas, Arkansas, Kansas, Pennsylvania, and Louisiana.
>
> 8.  Enjoined Parties shall not provide, or supervise, advise, manage, or serve as a consultant for businesses who are performing, wireline, slick line or braided line work for the Established Customers of Schlumberger in the states of Oklahoma, Texas, Arkansas, Kansas, Pennsylvania and Louisiana.

C.R. 304. The December 18, 2014 temporary injunction includes no expiration date as to any prohibition against Parker or Myers. However, on June 4, 2015, the district court signed an amended temporary injunction providing that the injunction's prohibitions expire, as to Parker only, on September 18, 2015. *See* Supp. R.R. The restrictions as to Myers remain indefinite. *See id.*

Parker and Myers filed this interlocutory appeal, complaining that the district court erred in denying their motion to compel arbitration as well as in signing the overly broad temporary injunction. *See* Notice of Appeal. On June 24, 2015, the Court ordered the parties to attend mediation and to attempt to settle their dispute. The parties attended mediation on August 20, 2015. *See* Appointment

3

and Fee Report-Mediation. On August 12, 2015, Parker and Schlumberger agreed to settle all their claims against each other. *See id.* On August 25, 2015, Parker and Schlumberger fully executed a final settlement of their disputes. However, while Parker and Schlumberger's dispute is now settled, Myers and Schlumberger have been unable to resolve their disputes, and Schlumberger's claims against Myers remain pending. *See* Appointment and Fee Report-Mediation.

## Rule 42.1(a)

Under the above facts, appellant James Myers respectfully asks the Court to proceed according to Texas Rule of Appellate Procedure 42.1(A). In pertinent part, Rule 42.1(a) states:

Voluntary Dismissal in Civil Cases

(a)  On Motion or By Agreement. The appellate court may dispose of an appeal as follows:

   (1)  On Motion of Appellant. In accordance with a motion of appellant, the court may dismiss the appeal . . . .

Tex. R. App. P. 42.1(a). Pursuant to Rule 42.1(a), the Court may grant this motion and dismiss James Myers' interlocutory appeal of the district court's denial of the motion to compel arbitration and the motion for reconsideration.

However, because Schlumberger's claims against Myers remain pending, Myers is not dismissing his appeal of the district court's temporary injunction order and that portion of his appeal should not be dismissed. *See id.*

4

## Conclusion And Request For Relief

Based on the above, appellant James Myers respectfully asks the Court to grant this motion and dismiss his interlocutory appeal of the district court's denial of the motion to compel arbitration and motion for reconsideration. Myers also respectfully asks the Court to rule that each party shall bear its own appellate costs.

However, as the disputes between Schlumberger and Myers have not settled, the rule 42.1 dismissal should not include any dismissal of appellant James Myers' interlocutory appeal of the district court's temporary injunction order.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: */s/ Robert T. Owen*
    Levon G. Hovnatanian
    State Bar No. 10059825
    *hovnatanian@mdjwlaw.com*
    Kevin G. Cain
    State Bar No. 24012371
    *cain@mdjwlaw.com*
    Robert T. Owen
    *owen@mdjwlaw.com*
    State Bar No. 24060370
808 Travis, Suite 20th Floor
Houston, Texas 77002
(713) 632-1700 – Telephone
(713) 222-0101 – Facsimile

**ATTORNEYS FOR APPELLANTS**
**RICKY D. PARKER AND JAMES MYERS**

5

Of Counsel:

W. Jackson Wisdom
State Bar No. 21804025
*wisdom@mdjwlaw.com*
James M. Cleary
State Bar No. 00783838
*cleary@mdjwlaw.com*
808 Travis, Suite 20th Floor
Houston, Texas  77002
(713) 632-1700 – Telephone
(713) 222-0101 – Facsimile


## CERTIFICATE OF COMPLIANCE

This is to certify that this computer-generated Unopposed Partial Motion to Dismiss Interlocutory Appeal of Appellant James Myers Only contains 995 words.

*/s/ Robert T. Owen*
Robert T. Owen
Dated:  September 3, 2015


## CERTIFICATE OF CONFERENCE

This is to certify that I have conferred with counsel for the appellee regarding the relief requested in this motion, who is unopposed.

*/s/ Robert T. Owen*
Robert T. Owen
Dated:  September 3, 2015

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of September, 2015, a true and correct copy of the foregoing Unopposed Partial Motion to Dismiss Interlocutory Appeal of Appellant James Myers Only was sent by the method(s) indicated to the following individuals:

Mr. Jeff Barnes                    *via e-file and e-mail: barnesj@jacksonlewis.com*
JACKSON LEWIS, P.C.
1415 Louisiana, Suite 3325
Houston, Texas 77002


Mr. William L. Davis              *via e-file and e-mail:  davisw@jacksonlewis.com*
JACKSON LEWIS, P.C.
500 N. Akard, Suite 2500
Dallas, Texas 75201



*/s/ Robert T. Owen*
Robert T. Owen